Oh Okay, the next case is number 17 1466 Saunders against the Secretary of Veterans Affairs is Bostwick Thank you, Your Honor. May it please the court The secretary agrees with Miss Saunders on the central legal question that decides this case namely that disability in section 1110 refers to functional impairment and not to a specific diagnosed condition and Pain in the absence of a presently diagnosed condition can cause functional impairment You can see this most clearly I think at page 21 of the secretary's brief Where he states we generally agree that the term disability refers to a condition that impairs normal functioning and reduces earning capacity and We recognize that pain can cause such impairment in certain situations So what's the difference between the two of you? So the difference between the two of us? I don't think there's a relevant difference between the two of us the the legal principle that the board and the Veterans Court used to resolve this case is one that we agree on and this court should Reverse or at a minimum remand for application of the correct legal rule The secretary has two arguments for why this court should not reach that legal question And I'm happy to address both of them I think that it's particularly important for the court to address this legal question Because it's one that's been sitting unresolved for about nearly 20 years since the Sanchez Benitez case and the board and the Veterans Court Through that time have been consistently applying this legal rule that the secretary himself does not defend So of course the secretary has has two arguments He first argues that the Veterans Court resolved this case on something other than this flawed legal rule There's no support for that argument in the record you can look at the the Veterans Court's decision at Appendix to the Veterans Court recites that the board found that pain alone is not a disability for the purpose of VA disability compensation that the board applied the legal rule from Sanchez Benitez correctly and then the rest of the Veterans Court's opinion is a Discussion of the precedential status of Sanchez Benitez and a rejection of Miss Saunders argument About the flaws in the Sanchez Benitez principle you can see From the cases that the Veterans Court cited that that's what it's doing. It relied on the fountain case I think the Kennedy case is particularly instructive in Kennedy The Veterans Court noted that there was functional loss due to the veterans knee pain But no current diagnosis and so denied service connection on that basis. There's another condition at issue in that case IBS and with respect to that condition the Veterans Court remanded for a consideration of the effects of that condition on the veterans Employment. The only difference was that that condition had a name and the knee condition did not so We think it's absolutely clear that the Veterans Court resolved this case solely on this flawed legal principle that the parties both agree is wrong It's equally clear that the board resolved it on that basis the board at appendix 22 again recites the legal principle from Sanchez Benitez Pain alone without a diagnosed or identifiable underlying malady or condition does not in and of itself Constitute a disability for which service connection may be granted and that's simply wrong But assuming that the pain is a disability as the government appears to agree can be the case You both also agree that that has to be traceable To some injury or disease that manifested itself during service and On the one hand you seem to say that that issue has been resolved in your favor The government seems to say that that issue has been resolved against you My view of the record is that issue hasn't been addressed yet so we think it has been addressed, but we certainly Don't believe that has been addressed in the secretary's favor We have here the in-service diagnosis of patella femoral syndrome Which is what meets the second prong that the incurrence or aggravation prong? We have the board at appendix 22 Reciting that finding by the examiner and not rejecting it and at appendix 19 the board Recognizes that if it's going to reject a finding favorable to the veteran It has to provide a reason for doing so and it doesn't do that in the opinion So we view that as the board accepting the finding as to in-service diagnosis with respect to nexus We have the medical examiner stating that it is at least as likely as not That her current disabling pain is connected to that in-service diagnosis And again, the board does not reject that finding there's no discussion of that in the board's opinion So we do believe it's clear that those two pieces are met Likewise the the functional impairment that the examiner found the board did not disrupt that and then on The board really even need to address those questions when it was specifically finding that pain is not a disability It may not have and if this court believes that there's insufficient findings in the record to outright reverse then the the proper remedy would be a remand a Correct legal rule is and then a remand for the to the veterans court to remand to the board to apply that test But we do think it is important for this court to correct the legal error To make clear that disability under section 1110 means functional impairment Functional impairment is defined and we in a way we agree with in the secretary's regulation at 4.10 And that a diagnosis is not required Of a current disability a current diagnosis, correct, I mean of a current Underlying pathology, correct. You don't need a current diagnosis of a disease or injury You need the in-service disease or injury and then you need evidence of a current disability that is linked to that in-service diagnosis The court has no further questions, I'll reserve my time for rebuttal. Okay Good good idea Mr. Parada Good morning, may it please the court How is the government pretty much confessing error here? No, your honor. In fact, I wanted to address that point right off the bat because Opposing counsel is not correct. We have not conceded that the veterans courts Principle from Sanchez Benitez that pain alone is not a disability is incorrect What we conceded in our brief was the simple point that it is conceivable that there could be a veteran who has Subjective pain and who has evidence that has been documented that the subjective pain actually is impairing the veteran So that there is an impairment and if that's the case And that that and that is substantiated by the medical records as found by the board that could establish a disability I'm not understanding what the difference is between that position and the veterans position in this case That seems to be saying that if pain is impairing function, it can be a disability Yes, your honor as as Miss Saunders Acknowledges in her own brief at footnote 3 if a veteran experiences pain without any functional impairment, there would be no disability Well that essentially is this case because the board never made any factual findings that the subjective pain reported by Miss Saunders Actually was impairing her in any way to address the question. Well on the contrary your honor the fact finding by the board Was specific that in the finding the fact section that the knee disability quote did not have its clinical onset In service and is not otherwise related to active duty. Well, that's a word. That's a different question Well in the board with it, excuse me I mean you say on page 8 of your brief that there's a finding here that Her pain does not limit the functionality of the knee that is on The fifth line of page 8 of your brief and then you you cite Appendix 8 and 22 to 23. I looked at those references. I do not see any such finding. Could you show me where it is? Your honor the the fact finding by the board on those pages that we were referring to Specifically on pages 21 to 22 Under 23 is that there was no pathology To warn a diagnosis that the x-ray studies revealed normal findings except for the subjective pain and That there's no other evidence of record establishing a current diagnosis of knee disability But that's not the same thing the question we're talking about not whether there's a current pathology Which is causing this the question is is the pain impairing functionality and I don't see that the board made any finding about that Your honor the board did Did also note that the the miss Saunders was able to treat her symptoms with over-the-counter medication So I mean we're on these pages 22 and 23. Does the board say that the pain doesn't impair functionality? Your honor It's correct. Nowhere on those pages does the board use that specific language? But if you look at all of the factual findings that the board made Those are based on the medical records in which there was no objective evidence Noted of any impairment and and it's not our job to review the facts. They've got them They've got to make factual findings. They haven't made Well, your honor They have by pointing to those facts none of which support any impairment there is no finding by the board that she actually had any impairment and That is the finding that it's not finding one way or the other. That's why we Would seem that we have to remand to them to make the proper findings I mean, that's the whole point. Isn't it? The board said that just that pain can't be a Disability so they didn't have to make any findings with respect to scope of impairment from pain Yes, it's correct. Your honor under the the board's finding as supported by the Veterans Court Sanchez Benitez decision The long-standing roughly 20 years of Precedent from the Veterans Court interpreting section 1110 is that subjective pain alone is not tied to some current Disability, but you now you now can see that that pain can be Functionally disabling there could so that that 20-year Authority is probably wrong, right? No, you're on it. We can see that there could be a case where Subjective pain that is objectively This is the pain that is objectively documented through findings Even if there isn't a label attached to it as a diagnosis if there's objective findings in the medical records that substantiate that the pain Actually exists and is having an impairment that could be a disability from what judge O'Malley just asked you about. I'm not understanding that Your honor it differs from the fact that in this case You do you do not have any Objective findings of any disability as the talking about the legal principle the legal print Do you agree that the legal principle on which the board and the Veterans Court rested is wrong? No, you're on it. We do not do to not No, you're on it because what just told me you did you just told me you did if you say there are factual circumstances in which pain could be a Disability then that means the legal principle that says it never can be is wrong, right? We your honor what the Sanchez Benitez principle says is that pain alone is not a disability pain alone Meaning there is no objective finding documenting the actual chance that You could have all kinds of documented findings and they would still say under that legal theory that it's not a disability Of course you have to have evidence of the pain Yes, your honor, but it's important to understand the context of The disability prong of the compensation test under section 1110, which is what we've been talking about The first prong which requires not just evidence of an impairment But as this court held in the Davis case cited in our brief looking to common dictionary definitions for disability an Physical or mental impairment. So there has to be not just an Impairment of your earnings capacity, but it has to be tied to some current Condition it isn't simply an impairment of earnings divorced from any actual diagnosis and it's important to understand why that is and the fact that that is what section 1110 requires if the Situation were otherwise there would have been no reason for Congress to enact the accompanying section 1117 which provides for disability compensation for a small subset of veterans those who served in the Persian Gulf arena during the Persian Gulf War and in enacting section 17 stealing with a different question, which is the proof of Causation disability is caused by injury or disease Manifested into service and there's a different rule in 117 for that aspect of the question But it that doesn't help you on this question of whether pain alone When it is traced to a disease and injury or injury that occurred in service is a disability Your honor when Congress enacted section 1117 That statute specifically provides for compensation for the veterans in the Persian Gulf who have undiagnosed disabilities or medically unexplained illnesses and When Congress enacted that statute it it recognized in sections 102 and 103 of the statute that enacted it That that changed was required to provide compensation for veterans experiencing Quote disabilities resulting from illnesses that cannot now be diagnosed or defined Because those disabilities were quote not considered to be service-connected under current law That has to do with idiopathic issues this that's totally different Circumstances what we're talking about here is we have a situation in which there was an in-service diagnosis And then we have an examiner who ties the current pain to that in-service diagnosis, right? well Your honor all that the medical examiner did was say that chronologically Yes, her current knee pain Postdates her service and that there was a report of it of the knee pain for a brief period of time in 1991 in service right but the board never made a causation finding Because it said I don't care how much causation is there is because pain Can't be disabling well, actually your honor the board did make a factual finding specifically stating in the findings the fact that There was no knee disability with a clinical onset in service and so the board did as a matter of fact address that issue and If I may just return to section 1117 our position is that if section if section 1110 by itself Provided for compensation already for veterans who have an undiagnosed illness or an unexplainable condition Such as pain alone There would have been no need for Congress to enact section 1117 because they would have already had coverage under 1110 But pain isn't Unexplainable if in fact there is a and an in-service problem Well, your honor pain can be diagnosed and Examined in a number of different ways and the medical examiners report in this case from August 2011 Specifically noted that then her miss Saunders his knees were tested Repeatedly not just once or twice but three times and that on those five those those repeated testings of her knees There was no There was no observation of any pain that was displayed again of the x-rays and all the Pathological testing was all negative, but even through moving the knees about multiple times There was no demonstrated pain. And so subjective pain could be quantified through that type of testing It was not in fact in this case, and that's that's all that there is in the record There's nothing in the record to support miss Saunders his position In the board's findings that in fact her subjective pain was causing any actual impairment But so you're saying that even though the wrong law was applied she loses anyway Therefore don't correct the law. Well, no your honor again We're not we think that the underlying principle of Sanchez Benitez is is not incorrect that if a veteran has pain reports of pain alone without evidence of impairment and That isn't tied to some current condition as the definition of disability requires that that is not a disability But but what we're saying is even if the court were to get to that legal issue There are the board's fact-finding here contains nothing that would allow Miss Saunders to establish that she actually had a disability because there's nothing in the board's fact-finding That indicates that there was any actual impairment caused by the subjective pain And so under the courts this courts jurisdictional statutes, of course this court cannot step in and review those fact findings and To the extent that miss Saunders maintains that the board's fact-finding is somehow Incomplete or cherry-picking facts the time to raise those arguments Of course was before the veterans court itself and she did not do so And so the fact finding by the board is what it is And that is the record that is now before this court Which contains nothing of any evidence of actual impairment caused by her subjective pain? In this case there was a reference in the opinion that that the board has applied to this Principle that pain can never be disabling in at least 83 times. I mean shouldn't we Address the legal principle and correct it if we think it's wrong Will your honor? Yes, I think the Veterans Court found that a hundred or so times the Veterans Court itself has Subsequently applied the Sanchez Benitez principle in other cases and and no doubt there are many other Decisions from the board that never got to the Veterans Court where the same principle was applied but this court if all that was presented in this case was a pure legal issue of whether a Veteran for whom the board had actually made fact-finding that there was impairment caused by the subjective pain But the board and then the Veterans Court nevertheless had held that Because it was subjective pain alone that could never be a disability notwithstanding impairment if that was the case it would Potentially raise a purely legal issue that the court could address Our point here is that even though the Veterans Court decided a pure legal issue We're supposed to look around for facts that might make that irrelevant. That's our job No, your honor that the Veterans Court addressed the issue that was presented to it by miss Saunders in her briefing and miss Saunders Hypothesizing that they made a mistake in their decision the articulated legal principle, which they found dispositive was wrong We're not supposed to reverse them Well, your honor as in Sanchez Benitez itself, which came before this court after the Veterans Court in that case as in this case the Veterans Court and the board below had made underlying factual determinations, which this court cannot review and so regardless of of the Resolution of the legal issue the fact-finding remains the same and And that was why I was able to point us to any fact-finding on the issues that you say roots the legal issue Well, your honor again, but the point here is that the fact-finding by the board There's nothing in the fact-finding that would allow The Veterans Court or this court to conclude that there actually is any impairment So the only way we can review the legal issue is if they've made the fact findings that would make the legal issue Ultimately dispositive in the case your honor I I believe if there were if there were fact-finding that could support The decision that miss Saunders meets the discipline finding that doesn't support the decision There's just no fact. Well, but again your honor all of the fact-finding by the board. Is that the subjective reports of pain? That was all she was diagnosed with was subjective pain and nothing Substantiated the actual impact of that. That wasn't a fact-finding. That was the legal conclusion. I understand that that you're sure that ties into the legal question of of Pain alone if you will, but my point is that All of the fact all of the medical evidence from the medical examination That was relied upon by the board was to the effect that there was no Impact on miss Saunders's ability to function beyond her self-reported complaints. I See that I'm over my time your honor, so I we asked that the court affirm the Veterans Court's decision Thank you It's mostly Thank you, your honor. I want to first talk about what Sanchez Benitez actually says because the government is not describing it correctly I think the court appreciates that but I think it is helpful to look at the language and again You can find this for example at appendix 3 in the Veterans Court decision appendix 22 in the board's decision Both are a direct quote of Sanchez Benitez and what they say is that pain alone without a diagnosed or Identifiable underlying disability does not in and of itself constitute a disability for which service connection may be granted That doesn't talk about pain without functional impairment That doesn't talk about about Anything that the government's describing the rule that the Veterans Court has been applying in this case in more than a hundred other cases by Its own count is that current pain without a current diagnosed condition can never be a disability and the government Certainly is not defending that legal role before this court. I'd also like to address I don't know whether they are or not, frankly, I have to listen to them. It is a little unclear that they've certainly If the the quote in their brief at page 21 and at page 26 is consistent with our view of the law Which is that disability means functional impairment and that pain can be functionally impairing even without a current diagnosis We certainly think that's the correct legal rule for all the reasons discussed in our brief And so we do agree that the time has come for this court to correct that legal rule. I'd also like to address some of the Characterizations that the government made about the record in this case in particular to the extent there's any suggestion that Miss Saunders waived any argument That's not correct. The board did not make any adverse factual finding to Miss Saunders And so therefore not only did we have no reason to appeal a factual finding to the Veterans Court But we had no ability to do so the Veterans Court can review only Factual findings that are adverse to the claimant. There was no such finding here The government has pointed to appendix 17 That's not something that the government cited in its brief. And these are its titled findings of fact What is effectively a boilerplate statement that it just says that the test for service connection isn't met To look at what the basis for the board's ruling was you have to look in the reasons and basis portion of the decision and that is at appendix 22 to 23 and The government notes that the the board there Recites the fact that the medical testing was normal for specifically a range of motion testing and x-rays and It's doing so in the context of discussing the fact that there was no present diagnosis What the board never looked at was the evidence of functional impairment that the examiner found and that's throughout the medical examiner's opinion at appendix 519 the medical examiner finds that Miss Saunders has pain that she has pain with running squatting bending and climbing At appendix 520 the examiner specifically recites functional limitations on her ability to stand and walk Namely that her knee pain prevents her from standing for more than a few minutes at a time And it prevents her from walking more than a quarter of a mile at a time the examiner also at appendix 522 notes that it has significant effects on her usual occupation in the form of increased absenteeism as Well as adverse effects on her daily activities by preventing her from engaging in sports and exercise That is all evidence of functional impairment the board simply ignored that evidence again the board if it wanted to reject that evidence and find that that was not functional impairment and not a Disability had to provide a reason for doing so it didn't and it didn't because it was applying this pure legal rule That pain in the absence of a diagnosis is not a disability. It never recognized that functional impairment is the correct test Also Just as to the nexus finding the same thing the examiner found that the nexus requirement was met Found that it was at least as likely as not that miss Saunders current disabling pain was linked to her service Patel ephemeral diagnosis And the board did not disturb that finding The court has no further questions we'd ask them to reverse or Thank you Rather thank you